**In re Dr. James Layne ALLAIN, Rosalie Mary Allain, Debtors.**

**Bankruptcy No. 585–00358–A07.**

United States Bankruptcy Court, W.D. Louisiana, Alexandria Division.

March 14, 1986.

W.T. Armitage, Jr., Alexandria, La., for debtor-opponent.

Mark H. Kramar, Leesville, La., for Heal Corp.-movant.

MEMORANDUM RULING

LeROY SMALLENBERGER, Bankruptcy Judge.

On the 7th day of October 1982, Heal Corporation was formed by Dr. James Layne Allain and Dr. Ralph M. Hennessee. In 1983, Dr. William W. Summitt paid $50,-

000.00 to practice prothedontics in the practice, paying one-half that amount to Dr. Allain and one-half the amount to Dr. Hennessee. As a result, Heal Corporation was then owned by the three doctors, each holding an equal number of shares and each being a member of the Board of Directors and an officer.

In 1983, the corporation, acting through the three doctors, consolidated all business debts of the individual practitioners and obtained a single indebtedness loan from Merchants & Farmers Bank & Trust Company to also cover improvements for the practice location. At that time, it was understood and agreed that they were committed to each other and the corporation to practice together for their common benefit until the note was paid in full on December 31, 1988. For this reason, this date is used as the term for the provision not to compete.

On January 31, 1985, a written agreement was signed whereby Dr. Allain made several commitments. The same agreement was signed by all three practitioners. Each party agreed to honor an agreement provision which reads as follows:

"12. NONCOMPETITION. Throughout the term of this agreement, the Dentist understands that he shall not engage in the practice of Dentistry except as authorized by this agreement. If for any reason the employment arrangement is terminated, the Dentist agrees that he shall not for a period continuing until December 31, 1988, engage in the practice of Dentistry or its related health care fields at or in any place within a 25-mile radius of the outer physical limits of the City of Leesville, Louisiana."

On March 5, 1985, Dr. Allain filed bankruptcy. At some time subsequent to the bankruptcy filing, Dr. Allain began practice in DeRidder, Louisiana, with Dr. Hudson. His practice is located in Beauregard Parish, within 25 miles of the practice of Dr. Hennessee, Dr. Summitt and Heal Corporation.

Presently, Dr. Hennessee and Dr. Summitt believe that in the near future Dr. Allain intends to return to Leesville to practice dentistry. Therefore, an action was filed in the 30th Judicial District Court of Vernon Parish, Louisiana, seeking injunctive relief. This action was dismissed after a hearing held in this Court on the bankrupt's motion for contempt. At the hearing no evidence was presented. Heal Corporation agreed to dismiss the State Court action and the employment contract was found to be an executory contract and rejected by this Court under section 365 of the Bankruptcy Code. An order to that effect was signed by this Court on August 15, 1985. No appeal was taken.

That Order stated:

The hearing on the Motion to Reject the Executory Contract and Motion for Contempt filed by Dr. James Layne Allain having come on for hearing before this Honorable Court on August 8, 1985. When after hearing the pleadings, evidence and arguments of counsel, the Court considering the law and evidence in favor of plaintiff for the reasons orally assigned this date, it it

ORDERED that the Motion to Reject the Executory Contract is hereby granted thereby cancelling the Employment Contract between Heal Corporation and Dr. James Layne Allain in all respects; it is further

ORDERED that the Motion for Contempt against Heal Corporation, Dr. Ralph M. Hennessee and Dr. William W. Summitt is hereby dismissed, subject to defendants' rule dismissing Docket Number 40,048 entitled "Heal Corporation, Dr. Ralph M. Hennessee, and Dr. William W. Summitt v. Dr. James L. Allain", 30th Judicial District Court, Parish of Vernon, State of Louisiana.

Therefore, our decision that the contract is executory and may be rejected is res judicata and will not be disturbed by the Court.

The Movant argues that if we refuse to reconsider our August 15, 1985 decision then the Court should hold the noncompetition provision as not executory

to allow them to proceed in State Court to enforce its provision. In effect, Movant asks this Court to separate the noncompetition clause of this contract from the rest of the agreement. We agree that, the fact that a transaction is set forth in only one instrument does not alone preclude the existence of several separate contracts. 4 Corbin on Contracts section 696 (12th ed. 1983). A single document may contain many distinct contracts. *In re Gardinier, Inc.*, 50 B.R. 491 (Bkrtcy M.D.Fla.1985). The issue of severability should be determined by the intention of the parties as evidenced by the terms of the agreement, its purpose and subject matter. An analysis of these factors leads the Court to the conclusion that the parties contemplated the entire fulfillment of the contract, and hence, we refuse to hold the contract divisible.

█ Under the agreement Dr. Allain is an equal with the rest of the dentist employees of the corporation. The agreement lists the duties, compensation, educational responsibilities, and expenses, of the parties. The Court believes that the parties contemplated that all aspects of the agreement had to be fulfilled as a condition to enforcing each provision. None of the provisions can be enforced or examined in isolation, each pertains to a particular aspect of the business of running a dental office. There is no separate consideration for any of the provisions.

Accordingly, because the Court concludes that the agreement does not represent several separate contracts the rule that an executory contract must be assumed or rejected in its entirety precludes the lifting of the automatic stay of section 362 as to the noncompetition clauses. *In re Monsour Medical Center*, 11 B.R. 1014 (W.D.Penn.1981) *In re Ruvine Corp.*, 6 B.R. 661 (Bkrtcy W.D.Tenn.1980) *In re Gardinier, Inc.*, supra.

Finally, I note the case of *In re Norquist*, 43 B.R. 224 (Bkrtcy.E.D.Wash.1984) where the debtor-in-possession was allowed to reject his medical partnership agreement and its covenant not to compete.

The covenant in *Norquist* is very similar to the case at bar, it provided:

Any partner whose relationship is terminated voluntarily or otherwise under this paragraph or under paragraph 9, shall not engage directly or indirectly in the practice of medicine, surgery or treatment of medical disorders in Spokane County, Washington or within 40 miles of the city limits of Spokane, Washington.

After holding that the partnership agreement constituted a "executive contract" under 11 U.S.C. § 365 the Court allowed its rejection including the covenant not to compete. Exercising sound business judgment the debtor-in-possession can reject a contract such as the one in *Norquist* and the case at bar.[1]

Accordingly, the Motion to Lift Stay will be denied.

---

**1.** Arguably the corporation has the additional alternative of estimating the amount of its damages resulting from the rejection and submitting a claim.